IN THE SUPERIOR COURT OF GUAM

TROY A. TOOMEY, )
)
       Plaintiff, )
)
vs. )
)
JENNIFER E. PLUMMER, )
)
       Defendant. )
)
_____ )

**DOMESTIC CASE NO. DM0741-11**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before Judge James L. Canto II pursuant to a communication received May 31, 2012 from the Superior Court of Pierce County, Washington raising the issue of whether Guam or Washington should maintain jurisdiction over this child custody matter, said communication authorized by 7 GCA § 39110. Pursuant to 7 GCA §§ 39111 & 39112, oral arguments were heard on June 14, 2012 in a teleconference with simultaneous custody proceedings before Judge Elizabeth P. Martin of the Superior Court of Pierce County in Tacoma, Washington. Attorney Ronald P. Moroni appeared on behalf of the Plaintiff and the Defendant appeared via teleconference with counsel in the Washington proceeding. The Courts took the matter under advisement, and further discussed the parties' briefs, oral arguments, and the applicable law in a teleconference on June 21, 2012. The Court now memorializes the conclusions of that discussion and enters the following Decision and Order.

## BACKGROUND

Plaintiff Troy A. Toomey ("Troy") and Defendant Jennifer E. Plummer ("Jennifer") were married in Brunswick, Maine and have two children, ages 4 and 6 years. Troy is a servicemember in the U.S. Air Force stationed on Guam, although he is currently deployed outside of Guam. Jennifer also resided on Guam for a time; however, she is currently a resident of Washington. Counsel for both parties agreed on the record that the children physically resided on Guam solely from February 2010 to June 2010 and from September 2010 to February 2011. In February, 2011, the parties separated and Jennifer moved back to

Washington with the children. On March 8, 2011, Plaintiff instituted Superior Court of Guam Domestic Case No. DM0186-11 by filing a complaint for divorce on the basis of irreconcilable differences, seeking dissolution of marriage pursuant to the terms of a written "Separation Agreement" signed by both parties on June 18, 2010. The Superior Court of Guam entered Interlocutory and Final Decrees of Divorce on March 8, 2011 without adjudication on the merits, which incorporated the terms of the parties' "Separation Agreement", said agreement subsequently filed with the Court on March 11, 2011 (hereinafter "Agreement").

The Agreement identifies and acknowledges the two children of the marriage; directs the children reside with Defendant; and establishes that Plaintiff have custody of them when they are out of school for the summer or whenever possible so as not to interfere with their education. By virtue of the Interlocutory and Final Decrees of Divorce in DM0186-11, the Superior Court of Guam entered an initial child-custody determination governed by 7 GCA §§ 39106, 39201 & 39202 concerning the parties' children.

On August 31, 2011, Jennifer filed a child custody petition against Troy in Pierce County Superior Court, Washington. Subsequently that action was stayed pursuant to the Servicemembers' Civil Relief Act, but the parties stipulated to proceed with a hearing under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) to determine whether Guam or Washington would assert jurisdiction over the child custody modification issue.

Troy commenced the present action on October 25, 2011 by filing his *Complaint to Modify Custody, Visitation and Child Support*, which seeks to modify the initial child custody determination entered in Superior Court of Guam Domestic Case No. DM0186-11.

## DISCUSSION

Under Guam law, the Superior Court may decline to exercise child custody jurisdiction *sua sponte*, "at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another State is a more appropriate forum." 7 GCA § 39207(a). The Court must consider all relevant factors, including those enumerated at 7 GCA § 39207(b).

In this case, the parties presented information and arguments on the matter at a teleconference hearing between simultaneous proceedings on June 14, 2012. Upon consideration of all relevant factors under Section 39207(b), the Court finds that Guam is an inconvenient forum under the circumstances and that the Superior Court of Pierce County is a more appropriate forum for the following reasons.

The first factor under Section 39207(b) is whether domestic violence has occurred and is likely to continue in the future, and which state could best protect the parties and the child. There are no allegations of violence in this matter, so the forum which can best protect the parties and children is not a factor that favors either jurisdiction. The second factor is the length of time the children have resided outside Guam. The children have resided outside of Guam for more than one year after living in Guam for less than six (6) months. The children have spent the majority of their lives in Washington, and this factor favors Washington as the more convenient forum. The third factor is the distance between the court in Guam and the court in the state that would assume jurisdiction. The distance between Guam and Washington is substantial. This factor favors Washington as a more convenient forum in conjunction with the fourth consideration of finances, because Jennifer would suffer greater financial hardship if she were compelled to travel to Guam with the children and her newborn infant, as compared to Troy who may travel to Washington by himself and do so via more affordable military-subsidized transportation. The fifth factor is any agreement of the parties as to which state should assume jurisdiction. There is no agreement on jurisdiction between the parties which favors either jurisdiction. The sixth factor is the nature and location of the evidence required to resolve the pending litigation, including testimony of the child. The bulk of the evidence is located in Washington, including the children and Jennifer's home, where the majority of custody is currently exercised. If the Court exercises its discretion to appoint a guardian *ad litem*, who would likely interview child care providers, pediatricians or other professions who interact with the children, then that evidence is located in Washington. Further, said guardian *ad litem* would likely need to conduct a home visit to the children's current primary residence, which is their mother's home in Washington. Finally, it is not effective for a guardian *ad litem*

to interview children as young as those of the parties by means of telephonic or video telecommunications, as opposed to personal interview. On the other hand, it is less problematic for a guardian *ad litem* to interview the children's father by telephone. The seventh factor is the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence. In this regard, both Guam and Washington may resolve the matter expeditiously and the procedures necessary to present the evidence is not a factor that favors either jurisdiction. The eighth factor is the familiarity of the court of each state with the facts and issues in the pending litigation. The prior divorce action in Guam was granted by consent, thus the Court here did not make any adjudication on the merits that would presume a review and analysis of inherent facts and issues. Additionally, the current custody action is stayed in Washington, thus judicial familiarity is not a factor that favors either jurisdiction.

The Court notes the Superior Court of Pierce County represents that Troy may file a counter petition in Jessica's case but that the action shall remained stayed under the SCRA until he returns from his military deployment overseas.

## CONCLUSION

Based upon the foregoing and pursuant to 7 GCA §39207, the Court finds that Guam is an inconvenient forum under the circumstances and that the Superior Court of Pierce County, Washington is a more convenient forum where a simultaneous child custody proceeding has already commenced. This child custody action is hereby DISMISSED in favor of the pending child custody action in the convenient forum.

**SO ORDERED this _6TH_ day of July, 2012, *nunc pro tunc* to June 21, 2012.**

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUL 0 9 2012

Therese M. Blas
Deputy Clerk, Superior Court of Guam